UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PATRICIA NILSEN, et al.,<br><br>               Plaintiffs,<br><br>   v.<br><br>UNIVERSITY OF WASHINGTON MEDICAL CENTER, et al.,<br><br>               Defendants. | CASE NO. C23-1498 MJP<br><br>ORDER DENYING MOTION TO STRIKE |

This matter comes before the Court on Defendants' Motion to Strike. (Dkt. No. 7.) Having reviewed the Motion, Plaintiffs' Response (Dkt. No. 10), the Reply (Dkt. No. 11), and all supporting materials, the Court DENIES the Motion.

**BACKGROUND**

Plaintiffs are twenty-one former employees and one contract worker employed by Defendant University of Washington Medical Center (UWMC) who contend that they were improperly terminated after they refused to comply with UWMC's COVID-19 vaccination requirement on religious grounds. (See Complaint (Dkt. No. 1).) Defendants ask the Court to

ORDER DENYING MOTION TO STRIKE - 1

1    strike Plaintiffs' 134-page Complaint on the theory that it fails to contain a "short and plain

2    statement of the claim" as required by Rule 8(a)(2) and "simple, concise, and direct" allegations

3    as required by Rule 8(d)(1). They ask the Court to strike the Complaint under Rules 8(a)(2),

4    8(d)(1), and 12(f).

**BACKGROUND**

Rule 8(a)(2) requires, among other things, that the claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Similarly, Rule 8(d)(1) requires "[e]ach allegation [to] be simple, concise, and direct." In considering whether a complaint fails to abide by Rule 8's dictates, the Ninth Circuit has explained, "a dismissal for a violation under Rule 8(a)(2), is usually confined to instances in which the complaint is so 'verbose, confused and redundant that its true substance, if any, is well disguised.'" Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969) (quoting Corcoran v. Yorty, 347 F.2d 222, 223 (9th Cir. 1965)). But "verbosity or length is not by itself a basis for dismissing a complaint based on Rule 8(a)." Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008). To warrant dismissal under Rule 8(a), a lengthy complaint would need to contain overly confusing, ambiguous, vague, conclusory, redundant, or irrelevant allegations that obfuscate the substance of the core allegations. See id. at 1130-32 (collecting cases).

Defendants have failed to convince the Court that Plaintiffs' Complaint must be stricken with leave to amend. Defendants argue the Complaint and the supporting attachments contain "redundant, immaterial, and impertinent material," that many allegations cover topics requiring expert opinion, and that the attachments are excessive. (Mot. at 3-4.) But the Motion does little to identify what specifically in the Complaint is redundant, immaterial, or impertinent or how the Court should craft an order to address Defendants' concerns. Indeed, Defendants disclaim any

burden to show what might by redundant, improper, or irrelevant. (Reply at 3.) At its root, Defendants complain about the length of the Complaint and its attachments, not that they cannot understand the allegations or respond to them. While the Court agrees that the Complaint could well be briefer, sheer length and verbosity are not reasons to strike the Complaint and order it repleaded. See Hearns, 530 F.3d at 1130-32. Nor is the Court convinced by Defendants' argument that allegations on topics that might require expert testimony must be stricken. Defendants cite no authority for that proposition, and they may simply qualify their answer to such allegations as requiring expert testimony to respond fully. Lastly, as to the attachments, the Court finds no reason why their presence offends Rule 8 or why Defendants have to provide individual responses to each attachment. Even if these materials are incorporated into the Complaint, Defendants need not respond to them in their answer.

      The Court DENIES Defendants' Motion. Defendants must respond to the Complaint within 21 days of this Order.

      The clerk is ordered to provide copies of this order to all counsel.

      Dated December 21, 2023.

Marsha J. Pechman
United States Senior District Judge

ORDER DENYING MOTION TO STRIKE - 3