UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PATRICIA NILSEN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNIVERSITY OF WASHINGTON MEDICAL CENTER, et al.,<br><br>Defendants. | CASE NO. C23-1498 MJP<br><br>ORDER GRANTING MOTION FOR LEAVE TO AMEND |

This matter comes before the Court on Plaintiffs' Motion to Amend. (Dkt. No. 22.) Having reviewed the Motion, Defendants' Opposition (Dkt. No. 24), the Reply (Dkt. No. 27), Defendants' Surreply (Dkt. No. 30), Defendants' Supplemental Opposition (Dkt. No. 32), and all supporting materials, the Court GRANTS the Motion.

**BACKGROUND**

Plaintiffs are former employees of the University of Washington (UW), University of Washington Medical Center (UWMC), or Harborview Medical Center (HMC) who allege that their employers wrongly denied their request for accommodations to the state's mandatory

1  COVID-19 vaccination requirements, and terminated them in violation of federal and state law.
2  Plaintiffs seek leave to amend their initial complaint to: (1) name the proper corporate entity that
3  employed Plaintiffs; (2) add an additional named plaintiff; (3) add a new state law retaliation
4  claim; (4) add a new claim for discrimination under state and federal law; and (5) remove one
5  cause of action.
6       In their Motion, Plaintiffs sought leave to name "UW Medicine" in lieu of UWMC in
7  order to identify "the umbrella agency of Plaintiffs' individual employers, including University
8  of Washington (UW), UWMC, and Harborview Medical Center." (Mot. at 1.) In their response,
9  Defendants note that UW Medicine is not a legal entity that can be sued—it is merely a
10 trademark. (Opp. a 5-6.) Conceding their error, Plaintiffs propose to name UW as the sole
11 corporate defendant. (Reply at 1-4.) Plaintiffs explain that UW is the proper defendant because:
12 (1) it employed two plaintiffs directly; (2) UW owns UWMC—or, as Defendants' Opposition
13 states: "UWMC is legally part of the University" (Opp. at 7); and (3) according to evidence
14 Defendants have filed, all "'[f]aculty and staff [of HMC] are UW employees.'" (Reply at 3
15 (quoting Ex.1 to the Declaration of Margaret Peyton (Dkt. No. 26-1)).) The Court granted
16 Defendants leave to file a supplemental response, given that Plaintiffs submitted a new proposed
17 amended complaint with their Reply. (Dkt. No. 31.) Defendants argue that UW only employed
18 two of the Plaintiffs directly, and they suggest obliquely that UW does not employ HMC staff
19 and that UWMC is a wholly owned subsidiary of UW. (Supp. Opp. at 2.) Defendants also argue
20 that naming the UW would create manageability issues.
21      In addition to the issues surrounding the naming of Plaintiffs' former employer(s),
22 Defendants argue that some of Plaintiffs' proposed claims are futile or superfluous and should
23 not be added.
24

ORDER GRANTING MOTION FOR LEAVE TO AMEND - 2

# ANALYSIS

**A.     Standard**

Rule 15(a) provides that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). This policy is "to be applied with extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (quoting Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)). The Supreme Court has suggested the district court should consider the following factors in deciding whether to grant leave to amend:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962). "Not all of the factors merit equal weight"—"the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

**B.     No Futility in Naming the University of Washington**

The Court finds Plaintiffs' proposal to name the University of Washington suffices under Rule 15(a) because there is no obvious reason why UW should not be considered each Plaintiff's employer. First, UW employed two of the named plaintiffs, which makes it a proper defendant as to their claims. Second, as the evidence Defendants have submitted concedes, Harborview "[f]aculty and staff are UW employees." (Dkt. No. 26-1 at 4.) UW is therefore properly named as a defendant as to those Plaintiffs who worked at HMC. Third, given Defendants' concession that "UWMC is legally part of the University," it appears that UW is properly named as the employer of those individuals who worked at UWMC. While Defendants suggest in their Supplemental Opposition that UWMC is a wholly-owned subsidiary to UW, they have provided no such

evidence. As such, the Court finds that there is no obvious futility in naming UW as the defendant employer.

C.     **No Futility in Adding New Causes of Action**

The Court is not convinced that Plaintiffs' proposed additional claims are futile or superfluous. First, Defendants argue that WLAD retaliation claim is futile because there is no evidence of causation. (Opp. at 9-10.) But this argument turns on Defendants' gloss on the allegations, and not necessarily on an obvious defect in the pleadings. The Court does not find any apparent defect as to causation that merits denial of leave to amend. Second, Defendants argue that Plaintiff Jensen's additional allegations should not be permitted because her retaliation claim lacks evidence that the position for which she applied remained open after her bid for rehire was unsuccessful. (Opp. at 10-11 (citing Brooks-Joseph v. City of Seattle, No. C22-1078RSL, 2023 WL 6481567, at *8 (W.D. Wash. Oct. 5, 2023), reconsideration denied, No. 2:22-CV-01078-RSL, 2024 WL 1173802 (W.D. Wash. Mar. 19, 2024)).) But as Plaintiffs explain, the allegations about her attempt to be rehired are made in support of her retaliatory termination claim only. (Reply at 5.) She does not pursue a separate failure to rehire claim. As such, the absence of allegations about the position remaining open are irrelevant. The Court finds no flaw in allowing these new allegations or claims.

Defendants also argue that Plaintiffs' proposed sixteenth cause of action is duplicative of their existing seventh cause of action and should not be allowed. The Court disagrees. Plaintiffs' seventh cause of action identifies a failure to accommodate discrimination claim under the Washington Law Against Discrimination (WLAD) only, while the sixteenth cause of action identifies an unlawful discrimination claim based on a hostile work environment "under Title VII of the Civil Rights Act" and the WLAD. (Proposed First Amended Complaint (Dkt. No. 22-1 at

124-26, 139-40).) Defendants argue under Title VII a hostile work environment claim is not actually a claim—just means of proving a discrimination claim. Although the seventh cause of action alleges a discrimination claim solely under the WLAD, not Title VII, Defendants nevertheless argue that the WLAD claim "plainly relies on case law developed solely under Title VII" and should simply be construed as a duplicative Title VII claim. (Opp. at 11-12.) Defendants fail to convince the Court that it should accept its reading of the seventh cause of action as being a Title VII claim in hiding. The Court construes it as only pursuing claims under the WLAD, as stated. This deals a fatal blow to Defendants' argument because they have not identified any Washington authority that would make a failure to accommodate discrimination WLAD claim duplicative of a hostile work environment claim. The Court rejects the request to deny the addition of the sixteenth cause of action.

Defendants also complain about certain additional factual allegations. (Opp. at 12.) But Defendants fail to convince the Court that the inclusion of these allegations should be denied. Defendants are free to challenge the adequacy of these factual allegations to support the causes of action. But Defendants identify no reason why Plaintiffs should be prevented from including them in their amended complaint.

**D.     Manageability Issues are Premature**

The Court acknowledges and shares some of Defendants' concerns about potential manageability issues presented by Plaintiffs' sprawling set of claims and diverse group of named plaintiffs. But the Court cannot properly and fully address those issues in ruling on the Motion for Leave to Amend. Defendants are free to move relief on these issues, which would be the proper means to fulling vetting these concerns. But doing so in this context of the Motion to Amend is improper. And to the extent that Defendants have concerns about the scope of

ORDER GRANTING MOTION FOR LEAVE TO AMEND - 5

discovery, they may seek a protective order. But at present, neither of these concerns merits denial of leave to amend.

## CONCLUSION

Leave to amend should be liberally granted under Rule 15(a). So while Plaintiffs' amended complaint is not a model of precision, it does not appear to suffer any fatal flaws that would warrant denial of leave to amend. Defendants may still challenge the adequacy of the claims and seek other relief to assist in making this case more manageable. But Defendants have not convinced the Court that leave to amend should be denied. The Court therefore GRANTS the Motion and Plaintiffs are GIVEN LEAVE to file their amended complaint (Dkt. No. 32-1). Plaintiffs must file their amended complaint within seven days of entry of this Order.

The clerk is ordered to provide copies of this order to all counsel.

Dated June 4, 2024.

Marsha J. Pechman
United States Senior District Judge